IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-291

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation and DENISE PAYNE, Individually,<br><br>       Plaintiffs,<br><br>   v.<br><br>MARVIN W. NELSON TRUST, a North Carolina Trust, d/b/a Town Ridge Shopping Mall,<br><br>       Defendant. | **ANSWER** |

NOW COMES Defendant Marvin W. Nelson Trust, a North Carolina Trust, d/b/a Town Ridge Shopping Mall ("Defendant"), by and through its attorneys, and responds to the allegations contained in the Complaint, and alleges and says:

Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

1. It is admitted that Plaintiffs seek to recover under the Americans with Disabilities Act of 1990. It is admitted further that this Court has subject matter jurisdiction over this action. As to the other legal conclusions stated in this paragraph, no response is required. Except as admitted, denied.

2. Defendant is without sufficient information to form a belief as to the truth or falsity of these allegations, which are, therefore, denied.

3. Defendant is without sufficient information to form a belief as to the truth or falsity of these allegations, which are, therefore, denied.

4. It is admitted that Defendant owns certain real property constituting part of the property at or near 6510-6600 Glenwood Avenue, Raleigh, NC 27612 (the "Property") and that various business interests are tenants at the Town Ridge Shopping Center. Except as admitted, denied.

5. It is admitted that venue lies in the Western Division of the Eastern District of North Carolina.

6. Defendant is without sufficient information to form a belief as to the truth or falsity of these allegations, which are, therefore, denied.

7. Defendant is without sufficient information to form a belief as to the truth or falsity of these allegations, which are, therefore, denied.

8. Defendant is without sufficient information to form a belief as to the truth or falsity of any allegations about Plaintiff Denise Payne's medical condition or past activities or travel, which are, therefore, denied. Defendant specifically denies that the Plaintiff Payne encountered any architectural barriers on its Property, that it ever discriminated against her, and that it endangered her safety. Defendant further denies that Plaintiff Payne has specific and definite plans to return to its Property in the future. Except as admitted, denied.

9. Defendant is without sufficient information to form a belief as to the truth or falsity of these allegations, which are, therefore, denied. Defendant specifically denies that it discriminated against Plaintiff National Alliance for Accessibility, Inc., or that it denied its members any opportunity to which they were legally entitled. Defendant further denies that it would be a futile gesture to visit Defendant's Property. Defendant further denies that National Alliance for Accessibility, Inc. can bring suit in its own right. Except as admitted, denied.

10. Defendant is without sufficient information to form a belief as to the truth or falsity of allegations about spaces outside of its control, which are, therefore, denied. Except as admitted, denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendant denies that the entirety of the Property is a place of public accommodation for which Defendant is responsible under the ADA as alleged by Plaintiffs. The remaining allegations of this paragraph are admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. It is specifically denied that either Plaintiff has standing to pursue this action. Defendant admits that the customary discovery process may allow inspection of the Property. As to the other legal conclusions stated in this paragraph, no response is required. Except as admitted, denied.

20. Denied.

21. It is admitted that Defendant's Property contains signage. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph, which are, therefore, denied.

22. Denied. It is specifically denied that Plaintiffs are entitled to attorneys' fees and costs.

23. To the legal conclusions stated in this paragraph, no response is required. Except as admitted, denied.

24. To the legal conclusions stated in this paragraph, no response is required. It is admitted that Plaintiffs did not provide any pre-litigation notice to Defendant. Except as admitted, denied.

25. It is admitted that Defendant complied with applicable federal law. Except as admitted, denied.

26. To the legal conclusions stated in this paragraph, no response is required. Except as admitted, denied.

## AFFIRMATIVE DEFENSES

Defendant further sets forth the following affirmative defenses.

### FIRST DEFENSE

Plaintiffs' claims are or may be barred by laches and/or the statute of limitations.

### SECOND DEFENSE

Any failure on the part of Defendant to remove architectural barriers that are structural in nature in its existing facilities is excused by the fact that such removal is not readily achievable.

### THIRD DEFENSE

Any failure on the part of Defendant to make its goods, services, facilities, privileges, advantages and/or accommodations available through alternative methods is excused by reason of the fact that such alternative methods are not readily achievable.

### FOURTH DEFENSE

Any failure on the part of Defendant to provide access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations located at the Property is excused by the fact that it is structurally impracticable to do so.

## FIFTH DEFENSE

Any failure on the part of Defendant to provide proper signage, access to aisles and/or passageways located at the Property is excused by the fact that it is structurally impracticable to do so.

## SIXTH DEFENSE

Any failure on the part of Defendant to provide proper signage, access to aisles and/or passageways located at the Property is excused by the fact that Defendant has provided substantially equivalent or greater access to and usability of its facilities.

## SEVENTH DEFENSE

Any failure on the part of Defendant to provide access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations located at the Property is excused by the fact that Defendant has provided substantially equivalent or greater access to and usability of its facilities.

## EIGHTH DEFENSE

Any failure on the part of Defendant to provide access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations located at the Property is excused by the fact that to do so would impose an undue burden on Defendant.

## NINTH DEFENSE

Defendant has, at all times pertinent, acted in the utmost good faith and has taken all steps necessary to ensure that its facilities are readily accessible to and usable by individuals with disabilities.

## TENTH DEFENSE

Any failure on the part of Defendant to provide access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations located at the Property

is excused by the fact that all dimensions are subject to conventional building industry tolerances for field conditions.

## ELEVENTH DEFENSE

Plaintiffs failed to state a claim against Defendant upon which relief may be granted.

## TWELFTH DEFENSE

Plaintiffs lack standing to bring these claims because they cannot show an injury in fact and cannot show that any such injury could be redressed by Defendant. In particular, Plaintiff Payne cannot show that she has any concrete plans to return to the Property.

## THIRTEENTH DEFENSE

Plaintiff National Alliance for the Disabled lacks standing for the additional reason that organizational standing exists only when the suit will not turn on individual members' factual circumstances, and Plaintiffs' Complaint turns on the specific barriers and possible future injury alleged by one particular individual—Plaintiff Payne.

## FOURTEENTH DEFENSE

In whole or in part, the violations alleged pertain to areas that are not within the ownership and/or control of Defendant. In particular, Defendant cannot be held responsible for any alleged statutory violations or barriers occurring within the spaces controlled by individual tenants of the Property.

## FIFTEENTH DEFENSE

Plaintiffs utterly failed to communicate in any way with Defendant prior to filing suit, and as such failed to exercise reasonable diligence to avoid the attorneys' fees and costs associated with bringing suit. Therefore, Plaintiffs failed to mitigate their claims and are barred from recovering attorneys' fees and costs for bringing this action.

## SIXTEENTH DEFENSE

Defendant is not required to make the modifications sought because the violations alleged by Plaintiffs, in whole or in part, require or are subject to the approval of a zoning board, planning board, or other governmental agency.

## SEVENTEENTH DEFENSE

The property and services in question are readily accessible and useable by individuals with disabilities, and otherwise comply with the law.

## EIGHTEENTH DEFENSE

The needs of Plaintiff Payne are unique to Plaintiff Payne, and Defendant could not have reasonably foreseen the need to accommodate Plaintiff Payne.

## NINETEENTH DEFENSE

This lawsuit represents one of at least 44 similar lawsuits seeking nearly the identical relief filed by Plaintiff Payne between 2007 and 2010, excluding those suits filed in state court. Plaintiff Payne may never have visited the Property, and even if she did, she may not have done so for the purpose of utilizing the facilities, goods and/or services offered at the Property.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by failure to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY-FIRST DEFENSE

Plaintiffs cannot satisfy the requirements for injunctive relief.

## TWENTY-SECOND DEFENSE

Plaintiffs have unclean hands.

## TWENTY-THIRD DEFENSE

Defendant reserves the right to assert further and/or additional affirmative defenses as such become known prior to trial.

WHEREFORE, Defendant, having answered the Complaint of the Plaintiffs, prays the Court:

1. That the Plaintiffs have and recover nothing of Defendant and that Plaintiffs' Complaint be dismissed with prejudice;

2. That Defendant have and recover of Plaintiffs Defendant's reasonable costs and attorneys' fees;

3. That all issues triable to a jury be tried to a jury; and

4. That the Court grant Defendant such further relief as the Court deems just and proper.

Respectfully submitted, this the 20th day of September, 2010.

SMITH MOORE LEATHERWOOD LLP

/s/ Matthew Nis Leerberg
George J. Oliver
North Carolina State Bar No. 5774
jerry.oliver@smithmoorelaw.com
Matthew Nis Leerberg
North Carolina State Bar No. 35406
matt.leerberg@smithmoorelaw.com
2800 Two Hannover Square
P.O. Box 27525 (27611)
Raleigh, North Carolina 27601
Telephone: 919.755.8700
Facsimile: 919.755.8800

*Attorneys for Marvin W. Nelson Trust, a North Carolina Trust, d/b/a Town Ridge Shopping Mall*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

>JYLondon
>scooterlaw@gmail.com
>7904 Harding Avenue, #A-2
>Miami Beach, FL  33141

This the 20th day of September, 2010.

>/s/ Matthew Nis Leerberg
>Matthew Nis Leerberg